IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT STEWART**<br>183 Mallard Road<br>Holland, PA 18966<br><br>*Plaintiff,*<br><br>vs.<br><br>**SOLEBURY TOWNSHIP**<br>3092 N. Sugan Rd.<br>Solebury, PA 18938<br><br>*Defendant.* | NO. 2:19-cv-02670-MAK<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

**FILED**
AUG 0 5 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

### FIRST AMENDED COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against Defendant pursuant to Fed.R.Civ.P. 15(a)(1)(B):

### INTRODUCTION

1. Plaintiff brings the instant action to seek redress for unlawful violations of federal and state law.

### PARTIES

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual residing at the above address.

4. Defendant Solebury Township is believed to be a municipality created and existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at the above-captioned address.

5. At all times relevant herein, Defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

6. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7. Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year. Even if it did not, public employers are now liable regardless of this requirement consistent with the Supreme Court's holding in Mount Lemmon Fire District v. Guido.

8. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

**JURISDICTION and VENUE**

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PROCEDURAL and ADMINISTRATIVE REMEDIES

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff has satisfied the procedural and administrative requirements for proceeding was follows:

   a) On or about February 25, 2019, Plaintiff filed a timely written charge of discrimination by facsimile against Defendant (No. 530-2019-02627) with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission alleging discrimination.

   b) The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on the foregoing charge on or about March 28, 2019.

   c) The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

16. Plaintiff has exhausted federal administrative remedies as to the allegations of this Complaint.

3

17. Plaintiff will seek leave to amend the instant complaint to incorporate a claim under the Pennsylvania Human Relations Act ("PHRA") at the end of the one-year statutory waiting period at any point during this litigation, including, but not limited to before or even at trial consistent with Fed.R.Civ.P. 15.

## FACTUAL BACKGROUND

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. Plaintiff is an adult male with a date of birth of April 28, 1971.

20. Plaintiff is a police officer with over 15 years' experience.

21. At all times relevant hereto, Plaintiff was unquestionably qualified to serve as a full-time police officer.

22. For the past three years preceding his charge, Plaintiff was employed by Defendant as a part-time police officer.

23. Beginning in or around December 2015, he had continually expressed interest in any and all full-time positions should one become available.

24. Plaintiff asked Chief Bellizie on numerous occasions what he would have to do in order to increase his chances at a full-time position.

25. The Chief told Plaintiff the best way was to show as much availability as possible and also to demonstrate that he was being active during his shifts.

26. Plaintiff never missed a day wherein he was scheduled and, on many occasions, made himself available due to call outs of other officers, sometimes with very short notice.

27. Effectively, Plaintiff was being "available" and "active."

28. Two positions for full time officers were approved for 2019 with the possibility of a third due to another officer going out on disability.

4

29. Other employees were told that an officer would be hired in January 2019 and another in June 2019 with the third to be determined later.

30. However, two females were hired in January 2019.

31. Plaintiff spoke to the Chief again to show his interest in the full-time position, and he said he was going to ask the sergeants and corporals to evaluate all the part time officers and give recommendations.

32. Two of the five supervisors said they were unable to evaluate Gina Ferzetti, a female officer who got a full-time position, because the supervisors had not worked a shift with her.

33. Ferzetti started part-time in February 2018 and was working only partial shifts until July 2018 where she worked on average only 3-4 shifts a month. In contrast, Plaintiff was working 9-10 shifts per month.

34. Even though Chief Bellizie said he did not make his decision on who would be hired in June, several people including the Chief's secretary, Nicole Beauregard, said the other female part time officer, Megan Klosterman would be the one hired in June 2019, and Megan told another officer she was told this as well.

35. Klosterman left Solebury Police earlier in 2018 for a full-time position for another police department.

36. Klosterman failed to make probation for the other department and was let go and returned to Solebury to work part time.

37. When speaking to Beauregard, she not only stated to Plaintiff that Klosterman was going to be the next to get hired full time, but she also said there was a possibility the department would re-hire a former part time officer, Steven Markle, who left for another police department for the third full time position.

5

38. Michael Rogers told Plaintiff when he was talking to Chief Bellizie about the full-time position that the Chief said the Township was looking to hire younger officers for full time who could give twenty-five to thirty years.

39. The Chief's comment was a clear indication that age was a "but-for" factor in the overall process and represents a strong inference, if not direct evidence, of age discrimination.

40. Plaintiff was passed over for a full-time promotion because of his age in that two younger and lesser qualified individuals were hired.

41. Ferzetti is believed and therefore averred to be approximately 24 years old having graduated high school in or around 2013.

42. Klosterman is believed and therefore averred to be approximately 24 years old having graduated high school in 2013.

43. The failure to hire/promote Plaintiff is an adverse employment action as a matter of law.

## COUNT I
## ADEA Discrimination

44. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

45. By virtue of age, the Plaintiff is in the class of persons protected by the ADEA.

46. The foregoing conduct by Defendant constitutes unlawful age discrimination against the Plaintiff.

47. As a result of the Defendant's unlawful age discrimination, the Plaintiff has suffered damages as set forth herein.

6

## COUNT II
## Title VII Discrimination

48. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

49. The foregoing conduct by Defendant constitutes unlawful reverse gender/sex discrimination, in violation of Title VII of the Civil Rights Act.

50. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in Plaintiff's favor and against the Defendant and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from engaging in discrimination against Plaintiff on any other basis prohibited under applicable law;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions,

pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendant's actions to the extent they are available as a matter of law.

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

j. Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

8

l. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38(b)(1).

Respectfully submitted,

KOLMAN LAW, P.C.

/s/ Timothy M. Kolman
Timothy M. Kolman, Esquire
Kathryn E. Liebhaber, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: August 5, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT STEWART**<br>183 Mallard Road<br>Holland, PA 18966<br><br>*Plaintiff,*<br><br>vs.<br><br>**SOLEBURY TOWNSHIP**<br>3092 N. Sugan Rd.<br>Solebury, PA 18938<br><br>*Defendant.* | NO. 2:19-cv-02670-MAK<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2019 a true and correct copy of Plaintiff's Amended Complaint was served via the Court's EM/ECF System:

Andrew B. Adair, Esquire
Deasey, Mahoney & Valentini, LTD.
103 Chesley Drive, Suite 101
Media, PA 19063

                                                                             /s/    Timothy M. Kolman
                                                                             Timothy M. Kolman, Esquire

1